CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
08/14/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 6:08-cr-00013-1 |
| v. | MEMORANDUM OPINION |
| CORNELIUS WALLACE HALL, *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Cornelius Wallace Hall ("Defendant") filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 68). Also pending before the Court is Defendant's pro se letter, (dkt. 67), which the Court may interpret as a motion seeking a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines. The matter has been fully briefed and is ripe for review. The Court will grant Defendant's motions, reducing his term of imprisonment to 72 months, but not less than time served, to be followed by a three-year term of supervised release.

## I.  BACKGROUND

Defendant was indicted on May 8, 2008, and charged with five counts: (1) conspiracy to distribute and possession with intent to distribute a mixture or substance containing more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count 1); (2) distribution of a measurable quantity of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 16); and (3) three counts of distribution or possession with intent to distribute more than five grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Counts 17, 18, 19). (Dkt. 3). Defendant pled guilty to Counts 16, 17, 18, and 19. Defendant and the Government agreed that Defendant would be held responsible for 53.2 grams of cocaine base for purposes of Sections

2D1.1 and 1B1.3 of the United States Sentencing Guidelines. (Dkt. 44 (Plea Agreement) at 1, 4; dkt. 45 (Guilty Plea Form)). Count 1 was dismissed on motion of the United States. (Dkt. 52). At the time of initial sentencing, the statutory penalties under Counts 17, 18, and 19 were 5 to 40 years imprisonment because the drug weight charge on each of the three counts was for more than 5 grams, which amount was admitted by Defendant in the Plea Agreement.

At the original sentencing, the Total Offense Level was 27 and Defendant's Criminal History Category was V, resulting in an original Guidelines range of 120 to 150 months. The Court sentenced Defendant to 120 months imprisonment on each of the four guilty counts, to be served concurrently, followed by four years of supervised release on each count, all to run concurrently. (Dkt. 52 at 3-4). The Judgment ordered that 60 months of the imprisonment sentence would run concurrent with a State sentence of imprisonment Defendant was serving and the remaining 60 months would run consecutive to the State sentence. (*Id.* at 3).

The Court subsequently reduced Defendant's sentence pursuant to Amendment 750 to the United States Sentencing Guidelines. Under Amendment 750, Defendant's amended Total Offense Level became 23 which, with a Criminal History Category of V, resulted in an amended Guidelines range of 84-105 months. The Court ordered a reduction in sentence to 84 months, with 60 months to run concurrent with the State sentence and the remaining 24 months to run consecutive to the State sentence. (Dkt. 65).

Hall was scheduled to be released from State custody to the Federal Bureau of Prisons on July 8, 2019. (Dkt. 70 at 3). The Government represents that as of August 5, 2019, Defendant does not appear in the Bureau of Prisons Inmate Locator. The Government does not have information on Defendant's projected release date but states that presumably he has 23 months left to serve, less good time credit. (Dkt. 72 at 3). The Court will rule on the pending motions.

## II.     ANALYSIS

Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 requests an order reducing his term of imprisonment from 84 months to 70 months or to time served. Defendant asserts that under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), Defendant's Guidelines range would be reduced to 70 to 84 months. (Dkt. 68 at 1, 5). The Government does not contest that Defendant is eligible for consideration of a reduction in sentence under both the First Step Act and Amendment 782 but asserts that Amendment 782 authorizes the Court to reduce his term of imprisonment only to a sentence within the amended Guidelines range of 70 to 84 months. (Dkt. 73 at 1, 3-4). The Court will consider the agreed-upon Amendment 782 Guidelines range as an advisory range in considering application of the First Step Act.

### A.     Amendment 782

Although Defendant's motion for relief under the First Step Act states that he did not apply for relief under Amendment 782, the Court notes that Defendant's letter to the Court (dkt. 67), could be interpreted as a motion for sentence reduction pursuant to that Amendment, although the letter does not reference the Amendment. Defendant's First Step Act motion, however, asserts that even without application of the First Step Act, his sentence should be reduced to 70 months by Amendment 782, the low end of the new Guidelines range of 70-84 months, arguing that the result should be time-served. (Dkt. 68 at 1, 3, 5-6). The Court directed the Government to address the application of Amendment 782 in its response. (Dkt. 71). The Government responded by stating that it did not contest that Defendant is eligible for consideration of a reduction in sentence under the terms of the First Step Act and Amendment 782. (Dkt. 73 at 1).

Amendment 782 reduced by two levels those offense levels assigned to drug quantities in U.S.S.G. §§ 2D1.1 and 2D1.11. U.S.S.G. App. C., amend. 782 (Supp. 2014). A district court may reduce a sentence in the case of a defendant who has been sentenced based on a Guidelines range that has subsequently been lowered by the Sentencing Commission after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, if such a reduction is consistent with applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statements include U.S.S.G. § 1B1.10, which makes Amendment 782 retroactively applicable in a case in which a defendant is serving a term of imprisonment.

The Parties agree that applying Amendment 782's two-level reduction results in a new amended Total Offense Level of 21 which, with a Criminal History Category of V, results in an new amended Guidelines range of 70-87 months, reduced to 70-84 months as Defendant is currently serving an 84-month term of imprisonment. For the reasons set out below with respect to application of the First Step Act, the Court finds Amendment 782 applies to Defendant.

**B.     First Step Act**

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the

4

extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010) [1]

The parties agree that Defendant is eligible for a consideration of a reduction under the First Step Act because he was sentenced under 21 U.S.C. § 841(b)(1)(B) for three of the four cocaine base offenses, which were committed before August 3, 2010 (Counts 17-19) and whose penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(B). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence of five years under 21 U.S.C. § 841(b)(1)(B) was increased from 5 grams to 28 grams. *Id*.

Indictment Counts 17, 18, and 19 alleged Defendant distributed or possessed with intent to distribute more than five grams of a mixture or substance containing cocaine base but did not

---

[1] Although subsection 3582(c)(1)(B) does not reference § 3553(a) as do other § 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

allege more than 28 grams.  Under the First Step Act, the offenses related to these counts are now subject to 21 U.S.C. § 841(b)(1)(C), which provides, in Defendant's case, up to 20 years imprisonment and supervised release from three years to life, with no minimum sentence of imprisonment.[2]

Finding relief is consistent with the First Step Act, the Court next "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826.  Defendant's new Guidelines range, after application of Amendment 782 as noted above, is 70-84 months imprisonment.  In addressing Defendant's First Step Act motion, the Court will take into account the new Guidelines range as advisory.

After consideration of the § 3553(a) factors, in particular the history and characteristics of Defendant, including submissions relating to his incarceration with the Virginia Department of Corrections, as well as the Parties' arguments and material in the record, the Court determines that a reduction of Defendant's sentence is appropriate.  The Court will reduce Defendant's sentence to a term of imprisonment of 72 months as to each of Counts 16, 17, 18, and 19, to be served concurrently, but not less than time served.  Sixty months of this sentence will be run concurrently to the State sentence Defendant served noted in the Judgment with the remaining 12 months to run consecutive to the State sentence.  Although under the First Step Act the Court is not limited to the lower end of the Guidelines range, the Court finds the reduced sentence is sufficient, but not greater than necessary, in this case.

---

[2] The original and present penalties for Count 16 are those of 21 U.S.C. § 841(b)(1)(C) so that now the statutory penalties for all four counts to which Defendant pled guilty are the same. The First Step Act did not alter the penalties for Count 16 and, arguably, standing alone Count 16 would not authorize a reduction.  The Government, however, does not contest this Court's authority to grant a reduction on Count 16 as well as Counts 17-19 because Count 16 was grouped with the other counts for Guidelines purposes. (Dkt. 73 at 9 n.3). The Court will grant a reduction to Count 16 in addition to Counts 17-19 in light of this consideration and Amendment 782.

Under the First Step Act the minimum term of supervised release is lowered from four years on Counts 17, 18, and 19 to a minimum of three years. *See* 21 U.S.C. § 841(b)(1)(C). The minimum for Count 16 was already 3 years under § 841(b)(1)(C). Consistent with the Court's initial sentence, the period of supervised release on Counts 16, 17, 18, and 19 will be reduced to three years, all to run concurrently.

Except as provided in the accompanying Order, all provisions of the Judgment will remain in effect.

The Government requests that should the Court determine a reduction to a sentence at or near time-served will be imposed, the judgment be stayed up to 10 days to allow the Bureau of Prisons sufficient time to process the Defendant's release. (Dkt. 73 at 1). The request is reasonable and perhaps particularly applicable as the whereabouts of the Defendant are not clear. The Court will stay its order for ten days.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 14th day of August, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE